CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA RICARDO WILLIAMS, | ) | |
| Petitioner, | ) | Civil Action No. 7:05-CV-00490 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Joshua Ricardo Williams, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the court concludes that Williams knowingly and voluntarily waived the right to collaterally attack his conviction and sentence. Therefore, the court will grant the respondent's motion.

## BACKGROUND

On October 9, 2003, Williams and eleven other defendants were charged in a five-count indictment returned by a grand jury in the Western District of Virginia. Count One charged the defendants with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine and 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 846.

On May 4, 2004, Williams pled guilty to Count One pursuant to a written plea agreement. In this agreement, the United States agreed to recommend a three-level reduction for acceptance of responsibility, and to possibly file a motion for substantial assistance at sentencing. In exchange, Williams agreed to waive "any right [he] may have to collaterally attack any sentence imposed in any future proceeding, including but not limited to [his] rights, if any under 28 U.S.C. § 2255." Williams also agreed to waive "any claim [he] may have for ineffective assistance of

counsel not raised by [him] with the court at the time of sentencing." The plea agreement also contained a provision pertaining to the amount of drugs attributable to Williams. The parties agreed that Williams should be held responsible for more than 1.5 kilograms, but less than 5 kilograms, of a mixture or substance containing methamphetamine.

During the plea hearing, United States Magistrate Judge B. Waugh Crigler conducted a thorough Rule 11 colloquy. See Fed. R. Crim. P. 11. Williams stated under oath that he had consulted with his attorney prior to the plea hearing, that he understood the charge against him and the nature of the punishment that he potentially faced, that he had spoken with his attorney about how the Federal Sentencing Guidelines might apply in his case, that he knew he had the right to plead not guilty, and that he was giving up his right to a trial. (Tr. at 3-6). Williams also stated that he understood all of the terms of his plea agreement, including the fact that he was giving up the "ability to challenge the conviction at a later time in another court or another proceeding." (Tr. at 7). Additionally, Williams stated that he was "very satisfied" with his attorney's representation, that no one had coerced him to plead guilty, and that no one had made any promises to him other than those contained in the plea agreement. (Tr. at 3, 8). Despite all of the magistrate judge's questions, Williams stated that he still wanted to plead guilty. (Tr. at 9).

On May 5, 2004, the magistrate judge issued a report in which he recommended that the court accept Williams's guilty plea. The magistrate judge determined that Williams was fully competent and capable of entering an informed plea, that Williams was aware of the nature of the charge against him and the consequences of his plea, and that Williams's plea was knowing and voluntary. Neither party filed any objections to the magistrate judge's report, and it was adopted on May 20, 2004. On August 10, 2004, Williams was sentenced to a total term of imprisonment

2

Case 7:05-cv-00490-GEC-mfu    Document 18    Filed 03/15/06    Page 2 of 5    Pageid#: 145

of 120 months.

Williams filed the instant § 2255 motion on August 4, 2005. Williams alleges that his attorney provided ineffective assistance, that the court erred in determining the drug quantity attributable to the petitioner, and that the United States breached the plea agreement by failing to file a motion for substantial assistance.[1] Williams also suggests that his guilty plea was unknowing and involuntary, because his attorney promised him that he would receive a prison sentence of five years or less, and because he believed that he would be held accountable for no more than 500 grams of methamphetamine.

The respondent filed a motion to dismiss on February 14, 2006. On February 16, 2006, Williams was sent a Roseboro notice, in which he was directed to file any response to the respondent's motion within twenty days. Williams subsequently filed a response to the motion on March 9, 2006. Accordingly, the respondent's motion is ripe for review.

## DISCUSSION

The respondent argues that Williams's motion must be dismissed because he waived the right to collaterally attack his conviction or sentence. The United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Thus, if Williams's waiver was knowing and voluntary, he cannot challenge his conviction or sentence in a § 2255 motion. Id.

Having reviewed the record, the court concludes that Williams's guilty plea and waiver of

---

[1] The court notes that Williams's allegation that the United States failed to file a motion for substantial assistance is false. The United States filed a motion for substantial assistance, pursuant to Section 5K1.1 of the Federal Sentencing Guidelines, prior to sentencing. In this motion, the United States recommended that Williams receive the statutory minimum sentence of 120 months, rather than the guideline minimum sentence of 135 months. The court ultimately adopted this recommendation.

3

collateral-attack rights were knowing and voluntary. Although Williams now alleges that his guilty plea is invalid because his attorney promised him that he would receive a lighter sentence, and because he believed that he would be held accountable for no more than 500 grams of methamphetamine[2], these allegations directly contradict the statements Williams made during the plea hearing. Id. at 222. As previously stated, Williams affirmed that no one had coerced him to plead guilty, or made any promises other than those contained in the plea agreement. Additionally, Williams affirmed that he understood the charge against him and all of the terms of his plea agreement. In this agreement, Williams agreed that he should be held responsible for more than 1.5 kilograms, but less than 5 kilograms, of a mixture or substance containing methamphetamine.[3]

"[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States,

---

[2]It appears that this allegation is based on a misstatement by the magistrate judge during the plea hearing. The magistrate judge incorrectly quoted Count One of the indictment. When reading the indictment, the magistrate judge stated "that the conspiracy possessed with the intent to distribute in excess of 50 grams of methamphetamine, and more than 50 grams of cocaine, actually, up to 500 grams." However, as previously stated, the indictment charged Williams and the other defendants with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine and 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 846. Likewise, the second paragraph of the plea agreement states that Williams "will enter a plea of guilty to Count One of the indictment (Criminal No. 5:03CR30013), charging [him] with conspiracy to possess 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 846."

[3]The court notes that at the sentencing hearing, Williams acknowledged that he was actually responsible for a significantly higher quantity of drugs than the parties agreed to attribute to him.

4

519 F.2d 347, 350 (4th Cir. 1975)). Since Williams points to no extraordinary circumstances that would refute his acknowledgment on the record that he understood all of the terms of his plea agreement, including the fact that he was waiving the right to collaterally attack his conviction or sentence, the court concludes that Williams's guilty plea and waiver of collateral-attack rights were knowing and voluntary.

## CONCLUSION

For the reasons stated, the court concludes that the transcript of Williams's plea hearing conclusively establishes that he knowingly and voluntarily waived the right to collaterally attack his conviction or sentence. Accordingly, the court will grant the respondent's motion to dismiss.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 15th day of March, 2006.

_/s/ Glen Conrad_
United States District Judge